**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex rel. the State of Arizona,<br><br>        Plaintiff,<br><br>vs.<br><br>Daniel Patrick Rawlins,<br><br>        Defendant. | CR 11-8134-PCT-JAT<br><br>**ORDER** |

Defendant in this case has removed his criminal prosecution from state court to Federal Court. In certain circumstances, criminal prosecutions can be removed to Federal court. *See* Wright, Miller, Cooper & Steinman, 14C *Federal Practice and Procedure* § 3727 (4th ed. 2009). For example, when civil rights statutes are implicated, a defendant may remove a case. *Id.* (citing 28 U.S.C. § 1443). However, to be eligible for removal based on civil rights, the statute at issue must be couched in "specific language of racial equality" and not, "statutes or constitutional provisions phrased in terms of general rights applicable to all citizens." *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780 (1966)). Further, the removing defendant must also, "specifically allege the he has been denied or cannot enforce in state court the right that was created by the civil rights law under which he or she seeks protection." *Id.* In addition to these substantive requirements, procedurally, removal in a criminal case must be brought within 30 days after arraignment in state court, unless the party seeking removal shows good cause. 28 U.S.C. § 1446(c)(1).

In this case, Defendant Rawlins states that his criminal case number is CR 2008-0928, meaning the case was filed in 2008. Doc. 1 at 4. Defendant does not state when he was arraigned, but does state the trial began on May 8, 2009, and that he was found, "guilty as charged" following trial. *Id*. at 8-9. This case was removed on June 14, 2011. Based on these facts, it is impossible that this case was removed within 30 days of arraignment, and this Court could remand this case for this reason. However, the Court notes that at footnote 6 of his petition for removal, Defendant argues that he was never arraigned. *Id*. at 4, n. 6. So, presumably, Defendant would also argue that his 30 days to remove never began to run.[1]

But, even if Defendant could overcome this procedural defect in removal, substantively, Defendant fails to show that removal is appropriate. Specifically, Defendant alleges only that he was wrongfully charged, wrongfully convicted and that he wants his constitutional right to fair trial. *Id*. at 13. These allegations are framed only in terms of general rights of all citizens, not specific language of racial equity. Accordingly, substantively, Defendant has failed to show that this criminal action is removable to Federal court. Thus, based on the foregoing,

**IT IS ORDERED** remanding this case to Snowflake Justice Court, Navajo County, State of Arizona (case CR 2008-0928).

DATED this 29th day of June, 2011.

_____
James A. Teilborg
United States District Judge

---

[1] Because Defendant did not provide this Court with a copy of the state court record, the Court cannot determine when and/or if an arraignment occurred.