**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex rel. the State of Arizona,<br><br>    Plaintiff,<br><br>vs.<br><br>Daniel Patrick Rawlins,<br><br>    Defendant. | CR 11-8134-PCT-JAT<br><br>**ORDER** |

    Defendant has moved to reconsider this Court's order remanding this case.[1] Defendant argues two primary reasons for reconsideration: 1) this Court remanded the case before Defendant could file his declaratory judgment petition under 28 U.S.C. § 2201; and 2) this Court cannot sua sponte remand for defects in the procedures governing removal.

    First, Defendant removed a criminal case. Defendant has no ability to bring a civil declaratory judgment action within a criminal prosecution. Therefore, the fact that the Court remanded without considering the substance of Defendant's to-be-filed declaratory judgment action is not a basis for reconsideration.

    Second, Defendant is correct that this Court cannot sua sponte raise defects in removal procedures in civil cases. *Kelton Arms Condominium Owners, Ass'n, Inc. v. Homestead*

---

[1] The Court interprets this as a motion under Federal Rule of Criminal Procedure 33(a) and (b)(2).

1 *Insurance Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003). However, this is not a civil case, this is a criminal case. Moreover, this Court did not rest its remand order on the procedural defect in removal (that the notice of removal was not filed within 30 days of arrangement). Instead, the Court remanded the case because Defendant failed to substantively show that his charges fell within the category of state criminal prosecutions over which this Court could have jurisdiction. *See* Doc. 3. Therefore, the Court's basis for remand also does not provide a reason for reconsideration.

Thus, based on the foregoing,

IT IS ORDERED that the motion for reconsideration (Doc. 5) is denied.

DATED this 28th day of July, 2011.

James A. Teilborg
United States District Judge